IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GALE CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 2:10cv139-CSC |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

**I. Introduction**

Plaintiff Gale Carter ("Carter") applied for disability insurance benefits pursuant to

Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq., and for supplemental security

income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 et seq.,

alleging that she was unable to work because of a disability. Her application was denied at

the initial administrative level. The plaintiff then requested and received a hearing before

an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ concluded that the

plaintiff was not under a "disability" as defined in the Social Security Act. The ALJ,

therefore, denied the plaintiff's claim for benefits. The Appeals Council rejected a

subsequent request for review. The ALJ's decision consequently became the final decision

of the Commissioner of Social Security (Commissioner).[1] *See Chester v. Bowen*, 792 F.2d

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

129, 131 (11th Cir. 1986).  Pursuant to 28 U.S.C. § 636(c), the parties have consented to entry of final judgment by the United States Magistrate Judge.  The case is now before the court for review pursuant to 42 U.S.C. §§ 405 (g) and 1383(c)(3).   Based on the court's review of the record in this case and the parties' briefs, the court concludes that the Commissioner's decision should be reversed and this case should be remanded to the Commissioner for further proceedings consistent with this opinion.

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . .

To make this determination,[2] the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3)  Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?

> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative

---

[2]  A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

2

answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A reviewing court may not look only to those parts of the record which supports the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III. The Issues

**A. Introduction.** The plaintiff was 49 years old at the time of the hearing before the

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

ALJ and had completed the high school.[4]  (R. 401).  Following the hearing, the ALJ concluded that the plaintiff has severe impairments of "major depressive disorder with psychotic features, hypertension, obesity, and gastroesophageal reflux disease." (R. 19). Her prior work experience includes work "as a monitor technologist." (R. 26).  Moreover, relying on the testimony of a vocational expert, the ALJ concluded that there were jobs existing in significant numbers in the national economy that Carter could perform. (*Id*.). Consequently, the ALJ concluded that she was not disabled. (*Id*.).

**B.  The Plaintiff's Claims.**  The plaintiff presents a single issue for the court's review.  As stated by the plaintiff, the issue is "whether the case should be remanded for consideration of new medical evidence submitted by the claimant prior to the decision that was not considered by the ALJ or included in the record." (Pl's Br., doc. # 11 at 2).  It is to this issue that the court now turns.

### IV. Discussion

Section 405(g), in part, permits courts to remand a case to the Social Security Administration for consideration of new evidence under certain circumstances.  *Ingram v. Comm'r of Soc. Sec. Adm.*, 496 F.3d 1253, 1261 (11th Cir. 2007).  The plaintiff asserts that she presented new medical evidence to the ALJ that he did not consider and that was not included in the record.  (Pl's Br., doc. # 11, at 2).  The United States asserts that the material provided by the plaintiff is neither new nor material and asserts that the "[p]laintiff has not

---

[4]  Carter also testified that she had two years of college but she did not complete a degree.  (R. 401).

4

demonstrated that she presented this evidence to the ALJ." (Def's Br. at 4, doc. # 10). It is undisputed that the medical evidence in question is not in the record. Consequently, the court concludes that the medical evidence was not considered by the ALJ or the Appeals Council, and this court cannot consider that material when considering a sentence four remand. *Ingram*, 496 F.3d at 1267-68.

However, "a sentence six remand is available when evidence not presented to the Commissioner at any stage of the administrative process requires further review." *Ingram*, 496 F.3d at 1267. "[R]emand . . . is appropriate under sentence six when "evidence, that was not before the Secretary, has been submitted for the first time to [a federal] court."" *Id*. at 1268. Because the plaintiff seeks a remand based upon new medical evidence presented to this court, the question for the court is whether a remand pursuant to sentence six of 42 U.S.C. § 405(g) is warranted.

In order to prevail on a claim for remand under § 405(g), a plaintiff must show that "there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." *Ingram*, 496 F.3d at 1261. *See also Shalala v. Schaefer*, 509 U.S. 292, 297 fn 2 (1993). Thus, Carter must demonstrate that "(1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for failure to submit the evidence at the administrative level." *Milano v. Bowen*, 809 F.2d 763, 766 (11th Cir. 1987); *Robinson v. Astrue*, 365 Fed.

Appx. 993, 996 (11th Cir. 2010); *Pichette v. Barnhart*, 185 Fed. Appx. 855, 857 (11th Cir. 2006).  *See also Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998); *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987).

Applying the three-prong remand standard, the court concludes that the medical evidence is new and non-cumulative because it was not before the ALJ when he rendered his unfavorable opinion on May 16, 2008.  (R. 14, 27).   The ALJ held an administrative hearing on November 5, 2007.  (R. 297).   The plaintiff was hospitalized for chronic paranoid schizophrenia with acute exacerbation on March 17, 2008.   The ALJ makes no mention of these records in his adverse determination.   New, non-cumulative evidence is evidence not included in the administrative record that relates to the time on or before the ALJ rendered his decision.  *Cannon v. Bowen*, 858 F.2d 1541, 1546 (11th Cir. 1988); *Vlamakis v. Comm'r of Soc. Sec.*, 172 Fed. Appx. 274, 277 (11th Cir. 2006); *Cummings v. Comm'r of Soc. Sec.*, 165 Fed. Appx. 809, 812 (11th Cir. 2006);  *Magill v. Comm'r of Soc. Sec.*, 147 Fed. Appx. 92, 95-95 (11th Cir. 2005).  Because the evidence was not before the ALJ, was not included in the administrative record, and relates to the time period before the ALJ reached his decision, the court concludes that the evidence is new and non-cumulative.

Furthermore, the evidence is not cumulative because the medical records demonstrate a substantial change in the plaintiff's condition, specifically, that she suffers from chronic paranoid schizophrenia with acute exacerbation.   The plaintiff had previously been hospitalized three times for major depressive disorder.  (R. 118-193, 194-239, 261, 365, 369-

370).   She has since been diagnosed as suffering from chronic paranoid schizophrenia. Consequently, the medical evidence before the court is both new and non-cumulative.

Next, the evidence is material because it reflects a deterioration of Carter's mental condition and her inability to comply with the medication regime necessary for her schizophrenia to remain in remission.   The plaintiff was first hospitalized on June 30, 2005, suffering from paranoia, depression, anxiety and experiencing hallucinations.  (R. 120-21). She was diagnosed with psychosis and major depression.   (R. 122-23).   During her hospitalization, it was noted that she was depressed, delusional, with a flat or odd affect, confused, isolated, paranoid, suspicious, and hallucinating.  (R. 140-150, 189).  She was prescribed Lexapro and Risperdal. (R. 159).  She was discharged on July 10, 2005 to live with her sister.  (R. 155).

On July 15, 2005, she was hospitalized again by court order.  (R. 194-239).  She was experiencing psychosis and depression. (R. 196, 203).  Her affect was flat, she was paranoid and guarded, and her insight and judgment were impaired.  (R. 205).  She was discharged on July 21, 2005.  Her assessment at that time was "probably psychosis, not otherwise specified versus schizoaffective disorder."  (R. 203).  She was prescribed Lexapro, Abilify and Ativan. (*Id*.; 226)

On August 4 2005, a treatment note from the HSI Adult Medicine Clinic indicates that Carter was assessed as schizophrenic.  (R. 249).

On October 1, 2005, Carter was hospitalized for the third time suffering from

7

psychosis.  (R. 267-355).  At that time, she was diagnosed as suffering from schizophrenia, paranoid type with psychosis.  (R. 293, 310).  "She is diagnosed as having schizophrenia versus schizoaffective disorder who presents with symptoms of hallucinations, paranoid ideations, confusion." (R. 294).  Carter agreed to "not wander and to take medication." (R. 276).  She was released on October 6, 2005, after her Abilify medication was increased.  (R. 288).

The new records demonstrate that Carter was hospitalized again through the emergency room to Meadhaven Psychiatric ward on March 17, 2008 for "bizarre behavior."

> The patient was recently not showering, confused, paranoid, for the last few weeks, noncompliant with psychotropic medications for 2 months, established patient at Montgomery area mental health.  She has been prescribed Lexapro 20 milligrams daily; Abilify 20 milligrams daily; some trazodone at night.  She is not taking medication.  Has been getting up in the middle of the night, packing, convinced she is moving her sister.  Sister has no idea patient is going to move out.  The patient recently put all her belongings on the street, saying none of them were any good.  She was brought to the emergency room because of threat to self and others, and has been admitted for inpatient psychiatric care.

She was paranoid, her thought process was disorganized, her speech was slow, and her affect was blunted.  Her insight and judgment were poor.  She was diagnosed with *chronic paranoid schizophrenia with acute excerbation*.  Thus, the court concludes that the medical evidence is material because it demonstrates the chronic and debilitating nature of Carter's condition.

The medical evidence is also material because although the ALJ mentioned that Carter had been diagnosed schizophrenic, (R. 22), he did not consider whether her schizophrenia

constituted a severe impairment, or whether she met or equaled Listing 12.03, *Schizophrenia, Paranoid and Other Psychotic Disorders. See* 20 C.F.R. Pt. 220, App. 1. Listing 12.03. The Listing provides, in pertinent part, that a claimant is disabled if she meets the following criteria:

12.03  Characterized  by  the  onset  of  psychotic  features  with deterioration from a previous level of functioning.

The  required  level  of  severity  for  these  disorders  is  met  when  the requirements in both A and B are satisfied, or when the requirements of C are satisfied.

A.  Medically  documented  persistence,  either  continuous  or intermittent, of one or more of the following:
  1.  Delusions or hallucinations; or
  2.  Catatonic or other grossly disorganized behavior; or
  3.  Incoherence, loosening of associations, illogical thinking, or poverty of content of speech if associated with one of the following:
    a.  Blunt affect; or
    b.  Flat affect; or
    c.  Inappropriate affect;
  or
  4.  Emotional withdrawal and/or isolation;
AND
B.  Resulting in at least two of the following:
  1.  Marked restriction of activities of daily living; or
  2.  Marking difficulties in maintaining social functioning; or
  3.  Marking  difficulties  in  maintaining  concentration, persistence or pace; or
  4.  Repeated episodes of decompensation, each of extended duration;
OR
C. Medically documented history of a chronic schizophrenic, paranoid, or other psychotic disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support, and one

of the following:
1.     Repeated episodes of decompensation, each of extended duration;
2.     A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in environment would be predicted to cause the individual to decompensate;
3.     Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

20 C.F.R. Pt. 220, App. 1.  Listing 12.03, *Schizophrenia, Paranoid and Other Psychotic Disorders*.

The plaintiff has clearly been diagnosed with chronic paranoid schizophrenia. Consequently, the ALJ has an obligation to determine whether she meets or equals this listing.  The court refrains from deciding on the present record whether the plaintiff's medical condition meets or equals the listing because it is within the province of the Commissioner to determine whether the plaintiff's impairments rise to the level that render her disabled.[5]

The Commissioner contends that the new evidence is not material because "there is no reasonable possibility that the evidence would change the administrative result." (Def's Br., doc. # 12, at 5).  The Commissioner fails to explain the basis for this conclusory assertion.  More disturbing, however, is the Commissioner's position that the ALJ's failure

---

[5]  The court notes that because it has concluded that remand is proper to consider new evidence, doubt is necessarily cast on the ALJ's articulated reasons for discrediting the plaintiff's testimony as well as upon the ALJ's determination that the plaintiff can return to her past relevant work.

to consider Carter's schizophrenia at step two[6] is simply harmless error because the plaintiff has not demonstrated that the limitations caused by major depressive disorder and chronic paranoid schizophrenia are different.[7]   "The essential feature of Paranoid Type of Schizophrenia is the presence of prominent delusions or auditory hallucinations in the context of a relative preservation of cognitive functioning and affect." *American Psychiatric Association: Diagnostic and Statistical Manual of Mental Disorders*, 295.30 (4th ed. 1994). Diagnostic criteria include delusions, hallucinations, disorganized thought process, and flat affect.  *Id*.  Major Depressive Disorder, on the other hand, is characterized by depressive episodes, with delusions or auditory hallucinations the contents of which involve guilt, punishment and berating.  *Id*, p. 412.  Schizophrenia is classified as a Psychotic Disorder while Major Depressive Disorder is classified as a Mood Disorder.  Clearly, the conditions are different and not interchangeable.  The Commissioner's assumption that regardless of which condition Carter suffers from, Major Depressive Disorder or Paranoid Schizophrenia,

---

[6]  The Commissioner's position that chronic paranoid schizophrenia is not a severe impairment sufficient to meet step two is simply ridiculous, and warrants no further discussion.

[7]  The Court reminds the Commissioner that "Social Security proceedings are inquisitorial rather than adversarial.  It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits."  *Sims v. Apfel*, 530 U.S. 103, 110-111 (2000).

The SSA is perhaps the best example of an agency that is not based to a significant extent on the judicial model of decisionmaking.  It has replaced normal adversary procedure with an investigatory model, where it is the duty of the ALJ to investigate the facts and develop the arguments both for and against granting benefits; review by the Appeals Council is similarly broad.  *Id*.  The regulations also make the nature of the SSA proceedings quite clear.  They expressly provide that the SSA "conducts the administrative review process in an informal, nonadversary manner."  20 C.F.R. § 404.900(b).

*Crawford & Co. v. Apfel*, 235 F.3d 1298, 1304 (11th Cir. 2000).

her limitations are the same is speculative and simply erroneous.  In addition, it is possible that Carter suffers from both.  Thus, the court concludes that the new evidence is material because there is a reasonable possibility that it would change the administrative determination.

Furthermore, the new medical records reveal chronic mental illness that appear to directly contradict some of the conclusions of the ALJ.  For example, the ALJ found that Carter's major depressive disorder was controlled by medication, and that her mental restrictions were "mild to moderate." (R. 24).  Obviously, paranoid delusions, hallucinations, disorganized thought process, blunted affect, poor insight and poor judgments are more than mild to moderate limitations.  It is clear from the new medical evidence that Carter's chronic paranoid schizophrenia is recurrent, uncontrolled and debilitating.  Thus, the court concludes that the plaintiff has demonstrated that the medical records are material.

Finally, the plaintiff has shown good cause as to why the new evidence was not presented to the ALJ.  Generally, in order to satisfy the good cause prong a claimant must prove that the evidence did not exist at the time of the administrative hearing.  *See Hyde*, 823 F.2d at 459; *Caulder v. Bowen*, 791 F.2d 872, 878 (11th Cir. 1986).  As previously noted, the medical records were not available until after the administrative hearing.  In addition, the plaintiff attempted to submit the records by facsimile but was unaware that the records were not received.  Thus, the court concludes that good cause exists for not presently the medical evidence to the ALJ.

## V. Conclusion

For the reasons as stated, the court concludes that the evidence satisfies all three requisite criteria for remand under sentence six of 42 U.S.C. § 405(g).  Accordingly, it is

ORDERED and ADJUDGED as follows:

1.     That the decision of the Commissioner be and is hereby REVERSED and this case be and is hereby REMANDED to the Commissioner  pursuant to sentence six of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

2.     That the Clerk of the Court shall close this case administratively pending a final decision by the  Commissioner on remand.

3.     That within sixty (60) days of the final decision of the Commissioner of Social Security following remand, if the decision is adverse to the plaintiff, the Commissioner shall file with the Clerk of the Court a motion to reopen and an answer, and shall serve on the plaintiff a copy of the administrative record.

4.     That within sixty (60) days of the final decision of the Commissioner of Social Security following remand, if the decision is favorable to the plaintiff, the Commissioner shall file with the Clerk of the Court a motion to reopen and a motion for entry of final judgment for the plaintiff.

Done this 8th day of August, 2011.


　　　　　　　　　　/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

13